IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRAVIS S. FORD,

      Plaintiff,

v.                                                                              CV 12-302 WPL

MICHAEL J. ASTRUE, *Commissioner
of the Social Security Administration*,

      Defendant.

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

This matter is before me on a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 29.) The Social Security Administration ("SSA") takes no position on this motion as it is not the true party in interest. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). For the reasons explained below, I grant the motion.

**BACKGROUND**

Travis Ford filed a claim for disability and supplemental security income benefits. After his claim was denied at all administrative levels, he brought an action for judicial review, represented by Gary J. and Feliz MariSol Martone of the Martone Law Firm, P.A. Concluding that the administrative law judge ("ALJ") failed to apply the correct legal standards, I remanded the matter to the SSA for a rehearing. Ford then filed an unopposed motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). I granted the motion and awarded $5,876.00 in attorney fees. (Doc. 28.)

On remand, another ALJ issued a fully favorable decision dated August 29, 2014, finding that Ford has been disabled since July 31, 2008. (Doc. 29 Ex. A.) A Notice of Award was

subsequently sent to Ford on January 14, 2015, stating that the SSA had withheld $11,266.50 to cover Ford's attorneys' fees and that the agency "usually withhold[s]" 25 percent of the total past-due benefits" for this purpose. (Doc. 29 Ex. B at 4-5.)

On June 9, 2015, the Martone Law Firm filed the instant motion seeking attorneys' fees pursuant to 42 U.S.C. § 406(b). Noting that the Commissioner will pay Ford's counsel $6,000.00 minus the $91.00 user fee for administrative services, the firm now seeks $5,266.50 under § 406(b) for services rendered in the United States District Court. (Doc. 29.)

## LEGAL STANDARDS

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation before the SSA, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a determination favorable to the claimant . . . ." 42 U.S.C. § 406(a). There is no express limit to the fees an attorney may seek and receive in a petition; the Commissioner must only "fix . . . a reasonable fee," *id.*, while considering several factors. *See* 20 CFR § 404.1725(b) (2015) (outlining the factors); *see also Gisbrecht*, 535 U.S. at 794 (explaining the fee petition process). For fees received pursuant to a fee agreement for work before the SSA, attorneys may currently receive a maximum award of the lesser of $6,000 or 25% of the past-due benefits. 42 U.S.C. § 406(a)(2)(A).[1]

---

[1] Although the statute initially set a maximum amount of $4,000, it also gives the Commissioner the authority to increase this amount. 42 U.S.C. § 406(a)(2)(A). Effective June 22, 2009, the Commissioner increased the maximum amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009).

For representation in court, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees for representation before the SSA and in court—for example, fees pursuant to the EAJA and § 406(b)—are not limited to an aggregate of 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id.* at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id.* Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the

3

amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

### REASONABLENESS DETERMINATION

The $5,266.50 sought by the Martone Law Firm represents 11.69% of the total past-due benefits as described in the Notice of Award, and thus it does not exceed the statutory cap. The firm's fee agreement with Ford entitles it to no more than 25% of all past-due benefits. (Doc. 29 Ex. C.) Assuming that the SSA pays the Martone Law Firm $6,000.00 under § 406(a) for representation before the agency, the sum of that fee and the amount sought here amounts to 25% of the past-due benefits.

Gary Martone also attaches to his motion an affidavit discussing the work performed for Ford before the Court. (Doc. 29 Ex. D.) Although Martone asserts that his firm does not perform hourly work, he notes that a total of 24.1 hours of attorney time were spent on representing Ford before the Court. (*Id.*)[2] The fee requested under § 406(b) thus amounts to about $218 per hour, which is within the range of fees approved in this District in the past. *See, e.g.*, *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1175-76 (D.N.M. 2005). The affidavit also discusses the

---

[2] This breakdown is consistent with that provided by the Martone Law Firm in affidavits attached to their motion for attorneys' fees pursuant to the EAJA (Doc. 26 Exs. A, B); however, the EAJA affidavits claim 31 hours of time for 23.8 hours of work. The United States did not oppose the motion for fees under EAJA. (Doc. 27.) The additional 0.3 hours in the § 406(b) claim stem from reading the response and Order related to the EAJA fees and a letter from the SSA regarding the payment of the EAJA award to the Child Support Enforcement Division. (Doc. 29 Ex. D at 3.) The Martone Law Firm is cautioned that future EAJA affidavits will be thoroughly scrutinized, and future discrepancies may result in stiff sanctions and being reported for professional discipline.

Martone Law Firm's extensive experience and expertise in social security work, which this Court has acknowledged in the past. *See C'DeBaca v. Astrue*, No. CV 09-0579 WPL, Doc. 27 at 7 (D.N.M. Nov. 23, 2010).

I also recognize the inherent risk that this and other firms take when regularly representing social security claimants on a contingency basis. *See Faircloth*, 398 F. Supp. 2d at 1173 (citation omitted) (noting that perhaps 35% of claimants appearing at the federal court level will obtain benefits). Courts are generally more inclined to accept even "an amount that would seem untenable in an hourly rate arena" when accounting for such risk of loss. *See id.* at 1174.

Importantly, I see no evidence of delay on the Martone Law Firm's part in these proceedings. Indeed, a little under six months passed between the time that Ford filed his complaint in this Court and the time that briefing on his Motion to Remand was complete. Almost half of that period included time that I set aside for briefing (*see* Doc. 18), while much of the remainder involved waiting on the SSA to file an answer to Ford's complaint (*see* Doc. 13). The Martone Law Firm never requested any extensions of time on Ford's behalf.

Finally, I recognize that the past-due benefits award of $45,066.00 seems at first glance to be somewhat large considering the time invested in this case. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). That said, a court should not "penalize [a claimant]'s attorneys for representing their client more efficiently than a less experienced attorney might." *Faircloth*, 398 F. Supp. 2d at 1174. Having reviewed several recent awards of attorneys' fees under § 406(b), I find that the fee award requested here is not so outside the norm as to be unreasonable. *See Feldbusch v. Astrue*, No. CV 10-1081 MV/KBM, Doc. 32 (D.N.M. Feb. 7, 2014) (awarding $8,604.50 in § 406(b)

attorneys' fees for 20.4 hours of work yielding approximately $74,418 in past-due benefits); *Marlin v. Astrue*, No. CV 10-0049 DJS, Doc. 27 (D.N.M. May 31, 2011) (awarding $9000.00 in § 406(b) attorneys' fees for 20.4 hours of work yielding $81,475 in past-due benefits).

Having considered the above factors, I conclude that Martone Law Firm's request for attorneys' fees is reasonable. I further note that the firm's motion was filed within six months of Ford receiving his Notice of Award, a time frame that I also find to be reasonable.

## CONCLUSION

For the foregoing reasons, the Martone Law Firm's motion for attorneys' fees in the amount of $5,266.50 pursuant to 42 U.S.C. § 406(b) is GRANTED. The firm shall refund this amount to Ford, pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), because the award of $5,876.00 under the EAJA was larger. The firm shall refund the § 406(b) award to Ford minus sales tax and advanced costs.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge